UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Arlan Michael Arnold,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 07-108 ADM/JSM
Civil No. 11-2969 ADM

_____

Laura M. Provinzino, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Arlan Michael Arnold, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Arlan Michael Arnold's ("Arnold") 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Criminal Docket No. 47[1]]. For the reasons set forth below, Arnold's Motion is denied.

## II. BACKGROUND

On June 25, 2007, Arnold pled guilty to one count of felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) & 924(e)(1). Judgment [Docket No. 35]. On May 21, 2008, Arnold was sentenced to two hundred months' imprisonment, to be followed by five years of supervised release. Id. On May 30, 2008, Arnold filed a timely Notice of Appeal to the Eighth Circuit. [Docket No. 36]. On December 15, 2008, Arnold's sentence was affirmed by

---

[1] All docket numbers refer to the docket in the criminal case only; documents for both the civil and criminal cases have been added to the criminal docket alone.

the Eighth Circuit. See United States v. Arnold, No. 08-2251, 2008 WL 5205008 (8th Cir. Dec. 15, 2008); [Docket Nos. 43 & 44].

Arnold now moves under § 2255 to vacate, modify, or set aside his sentence. Arnold argues that (1) the Court erred in its calculation of his criminal history because two state drug offenses were part of a common scheme and properly constitute a single offense for purposes of the Armed Career Criminal Act, and (2) he received ineffective assistance of counsel because his attorney cancelled a suppression hearing and promised to file a petition for a writ of certiorari but did not do so. Arnold further argues that his motion is timely under the doctrine of equitable tolling because he understood his certiorari petition was pending when it was not, precluding him from collaterally attacking his sentence. The Government opposes the motion and argues it is untimely, the Court did not err in imposing Arnold's sentence, and that he did not receive ineffective assistance of counsel.

### III. DISCUSSION

**A.    Standard of Review**

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of the sentence prescribed by the court. See United States v. Addonizio, 442 U.S. 178, 185 (1979). A § 2255 motion can be dismissed without a hearing if: "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981 (8th Cir.1998); Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Here, Arnold's allegations, accepted as true, do not entitle him to relief

2

because his motion is untimely. Equitable tolling is inapplicable because he has not demonstrated due diligence in pursuing his claim.

**B.      Arnold's § 2255 Motion is Time-Barred**

Arnold's motion is brought pursuant to 28 U.S.C. § 2255. Section 2255 contains a one-year limitation provision, which states:

> The limitation period shall run from the latest of—(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A defendant's judgment of conviction becomes final ninety days after a ruling on direct appeal. See United States v. Hernandez, 436 F.3d 851, 856 (8th Cir. 2006) (noting that the defendant's conviction was final ninety days after the Eighth Circuit ruled on his direct appeal and that defendant's motion under 28 U.S.C. § 2255 must be filed within one year of that date). In the present case, Arnold's judgment of conviction became final on March 15, 2009, ninety days after the Eighth Circuit ruled on his direct appeal. Arnold's Motion time to file a § 2255 motion expired on March 15, 2010, one year after his conviction became final. Therefore, Arnold's Motion, dated October 5, 2011 and filed by the Clerk of Court on October 11, 2011, is untimely by over eighteen months.[2]

---

[2] The prison mailbox rule makes the effective filing date of Arnold's Motion the date he placed it in the prison mail system. See Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999). Although Arnold does not specifically indicate when he mailed the Motion, it is dated October 5, 2011. In any event, resolution of this issue does not change the analysis.

The one year limitations period can also begin to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). To be entitled to invoke the statute of limitations in Section 2255(f)(4), a petitioner "must show the existence of a new fact, while also demonstrating [that he] acted with diligence to discover the new fact." Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008) (citation omitted). Due diligence does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but it does require that a prisoner make *reasonable* efforts to discover the facts supporting his claims. Id. at 818. The court must determine when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed. Id.

The statute of limitations on a § 2255 motion may be extended by equitable tolling when "'extraordinary circumstances' beyond a prisoner's control prevent timely filing." United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005) (citations omitted). The burden of demonstrating grounds warranting equitable tolling rests with the petitioner. Earl v. Fabian, 556 F.3d 717, 722 (8th Cir. 2009) *(*citing Pace v. DiGuglielmo*,* 544 U.S. 408, 418 (2005)). Equitable tolling should apply only when the defendant has demonstrated diligence in pursuing the matter. Martin, 408 F.3d at 1093.

Arnold concedes that his Petition is untimely but claims that he is entitled to equitable tolling because he was promised by his attorney that she would file a petition for certiorari to the United States Supreme Court. Even if such a promise was made by his defense counsel,[3] Arnold

---

[3] Whether Arnold's defense counsel promised him that she would file a petition for certiorari is in dispute. His defense attorney has submitted an Affidavit in which she states she does not recall having any specific conversation with Arnold regarding filing a petition for certiorari and that it is her usual practice if she files a petition for certiorari to send a copy to her

has not met his burden to demonstrate that he was diligent in pursuing this matter as is required for equitable tolling to apply. The essence of Arnold's argument is that he did not pursue a § 2255 motion because he believed his petition for certiorari was pending. This argument is nearly identical to that rejected by the U.S. Court of Appeals for the Eighth Circuit in Anjulo-Lopez.

In Anjulo-Lopez, the petitioner averred he used reasonable diligence in pursuing claims but filed after one year because he believed, based on his attorney's representations, that his direct appeal was pending. 541 F.3d at 815–16. The Eighth Circuit ruled that the petitioner's efforts fell short of reasonable diligence because he had waited an entire year to even contact his attorney regarding his appeal. Id. at 819.

Similarly here, Arnold did not even inquire about the status of a petition for certiorari until July 2010, some sixteen months after the deadline to file a petition for certiorari passed. Furthermore, Arnold's suggestion that his attorney assured him in September 2009 that "I have not forgotten about you" referred to a petition for certiorari is unavailing. A review of the correspondence clearly establishes she was referring to a dispute regarding whether Arnold should be in state custody or federal custody while he served his sentences. See Appendix to Pro Se Reply/Traverse to Respondent's Response to Mot. Pursuant to 28 U.S.C. § 2255 [Docket No. 58], App'x C. Therefore, Anjulo-Lopez is dispositive of the case here. Arnold did not contact his defense attorney regarding a petition for certiorari until well over a year had passed since his direct appeal and the deadline for a petition for certiorari passed. Even then, he waited some ten months after definitively discovering no petition for certiorari had been filed on his behalf to file the present motion. Cf. Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 2565 (2010) (finding

client. See Aff. of Manvir K. Atwal [Docket No. 52-1]. She also states that it is her usual practice to pursue a petition for certiorari in cases where there is a "novel legal issue or a split among the circuits" and neither factor is present in Arnold's case. Id.

5

due diligence where criminal defendant wrote a pro se petition on the very day that he discovered his attorney had allowed habeas statute of limitations to run and promptly filed thereafter). Under the circumstances, Arnold has not exercised due diligence in pursuing this motion, and therefore equitable tolling is not warranted. The motion is time barred and is denied.

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this motion differently, or that any of the issues raised in Arnold's petition would be debatable among reasonable jurists. Therefore, the Court declines to grant a certificate of appealability.

## V. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Arnold's Motion to Vacate, Set Aside, or Correct Sentence pursuant

to 28 U.S.C. § 2255 [Criminal Docket No. 47] is **DENIED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 24, 2012.